IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

RANDALL HOLLIS & STEVEN EBERLINE
on behalf of themselves and all other similarly
situated employees,

    Plaintiffs,

No. 1:13-cv-1077-JDB-egb

DUMP CABLE, INC., and
RAGHID BAKER ARDAHJI,

    Defendants.

___

ORDER GRANTING DEFENDANT RAGHID BAKER ARDAHJI'S MOTION TO DISMISS
___

Before the Court is Defendant, Raghid Baker Ardahji's ("Ardahji"), motion to dismiss pursuant to 11 U.S.C. § 524. (Docket Entry ("D.E.") 75.) For the reasons discussed below, the motion is GRANTED.

*Background and Analysis*

On March 1, 2013, Plaintiffs Randall Hollis and Steven Eberline filed a complaint on behalf of themselves, and all other similarly situated employees, alleging that Ardahji and his company, Dump Cable, Inc. ("Dump Cable"), willfully violated their rights under the Fair Labor Standards Act ("FLSA"). (D.E. 1, ¶¶ 4–5, 16–18.) Plaintiffs moved for partial summary judgment on January 10, 2014. (D.E. 52.) In response, Ardahji presented the Court with his notice of bankruptcy filing in the United States Bankruptcy Court for the Eastern District of Tennessee ("Bankruptcy Court"). (D.E. 55.) Acknowledging the automatic stay that accompanies the filing of a bankruptcy petition, the Court held in abeyance the issue of Ardahji's

personal liability as an employer under FLSA until the automatic stay was lifted. (*See* D.E. 67 at 17.)

The bankruptcy court held a meeting of creditors pursuant to 11 U.S.C. § 341 on April 1, 2014, instructing all parties-in-interest that the deadline to challenge the dischargeability of certain debts was June 2, 2014. (D.E. 84-2 at 1.) Plaintiffs, who were listed as creditors in Ardahji's Chapter 7 petition, failed to file any objections or challenges to the petition. On August 14, 2014, the bankruptcy court issued an order discharging Ardahji's debts, including Plaintiffs' FLSA claims, pursuant to 11 U.S.C. § 727. (D.E. 84-3 at 1.) This Court held a status conference on November 5, 2014, where Plaintiffs' counsel advised they would be filing an adversary complaint in Ardahji's bankruptcy proceeding contesting the dischargability of their FLSA claims. The Court stayed this suit pending resolution of the adversary complaint.

On April 2, 2015, the bankruptcy court issued a memorandum and order granting Ardahji's motion to dismiss Plaintiffs' adversary complaint, finding that the complaint was untimely filed pursuant to the Federal Rules of Bankruptcy Procedure, and that equitable tolling did not excuse the tardiness. (Memo. on Mot. to Dismiss, at 2, *In re Raghid Baker Ardahji*, No. 14-30519 (Bankr. E.D. Tenn. Apr. 2, 2015)). Ardahji renews his request that he be dismissed from this action. (D.E. 97.) Plaintiffs concede that their claims against Ardahji have been discharged and can no longer be pursued in the bankruptcy proceeding. (D.E. 96 at 2.)

A discharge under the Bankruptcy Code "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived[.]" 11 U.S.C. § 524(a)(2); *In re Howes*, 246 B.R. 280, 289–90 (Bankr. W.D. Ky. 2000) (holding that once the bankruptcy discharge was entered, a permanent injunction

replaced the automatic stay and prevented any creditors from collecting on the discharged debt). Because Ardahji obtained a discharge from the bankruptcy court, Plaintiffs are barred from "collecting any alleged debt from him related to actions or conduct that [Plaintiffs] contend[] occurred prior to his petition and discharge in bankruptcy." *Vaughn v. Guarino-Sanders*, No. 3:07-CV-437-H, 2011 WL 52418, at *1 (W.D. Ky. Jan. 6, 2011). Therefore, Ardahji is DISMISSED from this action.

Plaintiffs also request the Court conduct a telephonic status conference to schedule a trial date against Dump Cable. However, Dump Cable's bankruptcy proceeding is still ongoing, and the automatic stay is in effect. Until that matter is resolved, Plaintiffs cannot proceed against Dump Cable in this Court.

*Conclusion*

The Court finds that Plaintiffs' FLSA claims against Ardahji were discharged pursuant to the bankruptcy court's August 14, 2014 order. Therefore, Ardahji is DISMISSED from this action. The parties are directed to notify the Court when Dump Cable's bankruptcy proceeding is concluded.

IT IS SO ORDERED this 8th day of April, 2015.

s/ J. DANIEL BREEN
CHIEF UNITED STATES DISTRICT JUDGE